# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | Case No. 20-10846 |
| ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, | Section "A" |
| | Chapter 11 |
| Debtor. | |
| MINOR CHILDREN, | Civil Action No. 22-04552 |
| Appellants, | Section "T-1" |
| VERSUS | Judge Greg G. Guidry |
| THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS, et al., | Magistrate Judge Janis van Meerveld |
| Appellees. | |

### THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS' REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL

NOW INTO COURT, through undersigned counsel, comes The Roman Catholic Church of the Archdiocese of New Orleans (the "**Debtor**," "**Archdiocese**," or "**Appellee**"), who respectfully submits this Reply in further support of its *Motion to Dismiss Appeal* (the "**Motion to Dismiss**") [R. Doc. 5][1] and in response to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Dismiss.

*Appellants' Opposition to Motion to Dismiss Appeal* (the "**Opposition to the Motion to Dismiss**") [R. Doc. 6], filed by Minor Children ("**Appellants**" or "**Minor Children**") in the above-captioned appeal (this "**Appeal**").

I.  **Appellants' erroneous bifurcation of the issues on appeal fails to make the Bankruptcy Court's Order a final, appealable order.**

Appellants assert that the Bankruptcy Court's Order is final and appealable because the Bankruptcy Court concluded that the automatic stay "absolutely does apply," which "definitively disposed of a discrete issue." [R. Doc. 6, p. 6]. In support of this argument, Appellants cite *In re Quigley Co., Inc.,* 676 F.3d 45, 51 (2d Cir. 2012) and *Rajala v. Gardner,* 709 F.3d 1031, 1035 (10th Cir. 2013) to urge that "grants or denials of comfort orders are immediately appealable, because they resolve discrete legal questions." [R. Doc. 6, p. 6]. Appellants' reliance on these decisions, however, is misplaced and misleading.

Both *Quigley* and *Rajala* are pre-*Ritzen* cases that involved orders strictly (i) clarifying that the automatic stay applied to a particular party and (ii) lifting the automatic stay. *In re Quigley Co., Inc.,* 676 F.3d at 51; *Rajala v. Gardner,* 709 F.3d at 1034. Unlike the instant case, neither *Quigley* nor *Rajala* concerned an order ***denying*** relief from the automatic stay ***"without prejudice."*** As such, contrary to the instant case, the orders in *Quigley* and *Rajala* did not contemplate further proceedings on the question of relief from the automatic stay. Here, on the other hand, because the Bankruptcy Court's Order is "without prejudice," Appellants are

"free to reurge" the Lift Stay Motion, and the Bankruptcy Court is not precluded from lifting the stay in the future. [R. Doc. 3-2, p. 210]. As a result, both *Quigley* and *Rajala* are irrelevant to the inquiry of whether the Bankruptcy Court's Order is a final, appealable order.[2]

In a futile effort to argue the Bankruptcy Court's Order is final, Appellants attempt to claim that "there were two discrete issues before the bankruptcy court" and that "this appeal challenges the legal conclusion that the stay applies, not the equitable conclusion of whether good cause exists to lift the stay." [R. Doc. 6, p. 7]. This bifurcation of issues on appeal is nonsensical. The Bankruptcy Court's Order is not bifurcated, and it does not treat each issue in a vacuum. *See* [R. Doc. 3-2, pp. 212-13]. Instead, the Bankruptcy Court's Order plainly denies, "without prejudice," the Lift Stay Motion as a whole. Appellants' creative parsing of the issues is nothing more than a misrepresentation of the Bankruptcy Court's Order, and a direct application of *Ritzen* and *Khan* clearly suggests that the Bankruptcy Court's Order

---

[2] Appellants also cite *Harrington v. Mayer (In re Mayer)*, 28 F.4th 67, 71 (9th Cir. 2022) in support of their Opposition to the Motion to Dismiss. As previously addressed in the Motion to Dismiss, the facts of the instant case are clearly distinguishable from those in *Mayer*. In *Mayer*, the order denying stay relief effectively determined that the underlying claims would be litigated in an adversary proceeding before the bankruptcy court rather than Massachusetts state court, and thus, the court's denial conclusively resolved the movant's entitlement to his requested relief. Here, Appellants **did not file an adversary proceeding** in the Bankruptcy Court, and as such, unlike *Mayer*, the Bankruptcy Court's Order does not definitely dispose of Appellants' State Court Action.

#100931425v1

is not a final, appealable order. *See Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 205 L. Ed. 2d 419 (2020); *In re Khan,* No. 20-60032, 2021 U.S. Dist. LEXIS 200671 (S.D. Fla. Oct. 19, 2021).

## II. Appellants strategically misrepresent the standard to appeal the Bankruptcy Court's Order.

Appellants assert that the Archdiocese waived its standing argument because the Archdiocese "did not challenge the Appellants' prudential 'standing' to seek a comfort order from the bankruptcy court." [R. Doc. 6, p. 8]. Appellants, however, intentionally confuse standing before the Bankruptcy Court with bankruptcy ***appellate*** standing. Despite Appellants' representations, the Archdiocese does not challenge the Appellants' standing to seek relief from the automatic stay in the Bankruptcy Court.[3] Instead, the Archdiocese is challenging the Appellants' standing

---

[3] In bankruptcy court, 11 U.S.C. § 1109(b) extends the right to be heard and raise issues to "[parties] in interest," a term which includes, but is not limited to, "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee." 11 U.S.C. § 1109(b). The term, "party in interest", is otherwise not defined in the Code. *In re Xenon Anesthesia of Tex., PLLC*, No. 12-37697, 2016 Bankr. LEXIS 2747 (Bankr. S.D. Tex. July 27, 2016). Therefore, who exactly is a party in interest "must be determined on an '*ad hoc*' basis" by bankruptcy courts in determining who may be heard. *In re Johns-Manville Corp.*, 36 B.R. 743, 747 (Bankr. S.D.N.Y. 1984). Although standing to be heard in the bankruptcy court is guided by the non-exhaustive list in 11 U.S.C. § 1109(b), the statute is essentially silent as to who may appeal bankruptcy courts' orders. As such, courts developed the "person aggrieved" test specific to bankruptcy appeals—a standard that limits ***appellate*** standing to parties with a direct financial injury and ensures judicial economy.

4

to bring this Appeal. As such, the "person aggrieved" test applies to this Appeal, and Appellants must show that they are "directly, adversely, and financially impacted by a **bankruptcy order**." *Dean v. Seidel (In re Dean)*, 18 F.4th 842, 844 (5th Cir. 2021) (quoting *In re Technicool*, 896 F.3d at 384).

Appellants, however, have failed to demonstrate that the Bankruptcy Court's Order impacts their pecuniary interests. Despite disclaiming damages on six separate occasions before the Bankruptcy Court, Appellants now aggressively claim that they have a pecuniary interest (i) in not being sanctioned for violating the automatic stay and (ii) the State Court Action itself. [R. Doc. 6, pp. 15-18]. Appellants' newfound financial injuries, however, are hypothetical and speculative at best. There is no motion for sanctions pending against Appellants in the Bankruptcy Court. Moreover, any conjectural denial of economic opportunities[4] that may stem from "Appellants' lawsuit itself" is irrelevant to the inquiry of whether the **Bankruptcy Court's Order** directly and adversely harmed Appellants. [R. Doc. 6,

---

[4] In attempting to establish a pecuniary interest in the Bankruptcy Court's Order, Appellants attach Exhibits A-D (the "**Exhibits**") to the Opposition to the Motion to Dismiss. The Exhibits are not part of the record on appeal, and the Bankruptcy Court did not consider the Exhibits in entering the Order denying stay relief. As a result, this Court should not consider the Exhibits in this Appeal. *Carmichael v. Blake (In re Imperial Petroleum Recovery Corp.)*, No. 13-30466, 2022 Bankr. LEXIS 32, at *13 (Bankr. S.D. Tex. Jan. 7, 2022) ("[Defendants] may not expand the record on appeal by adding new exhibits on appeal that were not considered or admitted by the Bankruptcy Court to boost their arguments on the disputed merits issues.").

p. 16]; *see Dondero v. Highland Capital Mgmt. LP*, No. 3:30-CV-03390, 2022 U.S. Dist. LEXIS 49351 (N.D. Tex. Mar. 18, 2022) ("Being directly, adversely, and financially impacted by 'the proceedings more generally' won't cut it.").

Notably, courts within the United States Court of Appeals for the Fifth Circuit (the "**Fifth Circuit**") have recognized that hypothetical and speculative harm fails the "person aggrieved" test:

> But the Fifth Circuit has repeatedly stressed that speculative, indirect harm is not enough: "Th[e] speculative prospect of harm is far from a direct, adverse, pecuniary hit." *Id.* From another Fifth Circuit opinion: "A remote possibility does not constitute injury under [the] 'person aggrieved' test." *In re Coho Energy, Inc.*, 395 F.3d at 203. In another Fifth Circuit opinion, the "Court denied standing because the debtor was not a claimant to the fund and, as such, was only indirectly affected by the order establishing priority." *Id.* (describing the holding in *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 212 (5th Cir. 1994)).

*Dondero v. Highland Capital Mgmt. LP*, No. 3:30-CV-03390, 2022 U.S. Dist. LEXIS 49351 at *6-7. As stated in the Opposition to the Motion to Dismiss, "Appellants chose not to seek damages. . . ." Certainly, Appellants' speculative, indirect financial harm—which they previously disclaimed—is fatal to their bankruptcy appellate standing.

Lastly, relying on dicta from a case before the United States Court of Appeals for the Ninth Circuit (the "**Ninth Circuit**"), Appellants attempt to distinguish "stay-relief proceedings" from "claims-resolution proceedings," and assert that the

#100931425v1

"person aggrieved" test does not apply to stay-relief proceedings. [R. Doc. 6, p. 6]. Appellants are mistaken. This is a distinction without a difference. Courts in the Fifth Circuit apply the "person aggrieved" test to determine a party's standing to appeal an order of a bankruptcy court. Importantly, the Fifth Circuit has not carved out an exception to the "person aggrieved" test for orders regarding relief from the automatic stay. As such, the "person aggrieved" standard applies in the instant case, and Appellants fail to meet it.

**III. Appellants resolved the immediate concerns raised in the Lift Stay Motion with the Archdiocese.**

Again, Appellants sought to lift the automatic stay for the purpose of seeking a preliminary injunction "before the Archdiocese mail[ed] out school applications on November 9, 2022." [R. Doc. 3-2, p. 7]. As directed by the Bankruptcy Court, Appellants and the Archdiocese met and conferred to ensure Appellants' concerns were addressed. In fact, Appellants filed the Status Report in the Bankruptcy Case, expressly admitting that "they no longer intend to seek a preliminary injunction" because "[t]he Archdiocese…confirmed that it has removed the allegedly discriminatory questions from the admissions applications." [R. Doc. 3-2, p. 199]. Accordingly, Appellants (i) resolved the Lift Stay Motion with the Archdiocese and (ii) submitted the Status Report representing this resolution. There is no further relief to be given at this time, and Appellants are using this Appeal to further drain estate resources and secure an advantage over the Debtor's other creditors.

7

**IV. Mandamus relief is an extraordinary remedy that is not justified.**

Appellants requests that this Court exercise its discretion to construe this Appeal as a mandamus petition. [R. Doc. 6, p. 21]. "Mandamus is a drastic and extraordinary remedy reserved for really extraordinary causes." *United States v. Henderson*, 915 F.3d 1127 (7th Cir. 2019); *see also In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017).

Appellants' argument for reframing this Appeal as a petition for mandamus falters at the first step. Appellants lack a "clear and indisputable" right to the relief because, as outlined in the Motion to Dismiss, Congress has statutorily granted bankruptcy courts final authority, pursuant to 28 U.S.C. § 157(b)(2)(G), to determine motions to terminate, annul, or modify the automatic stay. Relying on this grant, the Bankruptcy Court determined there was no cause to terminate or modify the automatic stay. Accordingly, Appellants cannot demonstrate that the Bankruptcy Court has clearly abused its discretion and, in doing so, reached a "patently erroneous" result. *In re Depuy Orthopaedics, Inc.*, 870 F.3d at 352.

Accordingly, for the foregoing reasons, and the reasons discussed in the Motion to Dismiss, this Court should grant the Motion to Dismiss.

#100931425v1

Dated: January 27, 2023            Respectfully submitted,

*/s/ Laura F. Ashley*
R. PATRICK VANCE (#13008)
ELIZABETH J. FUTRELL (#05863)
MARK A. MINTZ (#31878)
LAURA F. ASHLEY (#32820)
Jones Walker LLP
201 St. Charles Avenue, 51st Floor
New Orleans, LA   70170
Telephone: (504) 582-8000
Facsimile:  (504) 589-8260
Email:  pvance@joneswalker.com
Email:  efutrell@joneswalker.com
Email:  mmintz@joneswalker.com
Email:  lashley@joneswalker.com

**ATTORNEYS FOR
THE ROMAN CATHOLIC CHURCH
OF THE ARCHDIOCESE OF NEW
ORLEANS**

## CERTIFICATE OF SERVICE

I hereby certify that, on January 27, 2023, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which provides notice of filing to all counsel of record by electronic means.

*/s/ Laura F. Ashley*
Laura F. Ashley

# **CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limit of Fed. R. Bankr. P. 8013(f)(3)(C) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 1,942 words. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in Microsoft Word with a proportionally spaced typeface using Times New Roman and 14-point font.

*/s/ Laura F. Ashley*
Laura F. Ashley

#100931425v1