UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE ROMAN CATHOLIC CHURCH
OF THE ARCHDIOCESE OF NEW
ORLEANS

CIVIL ACTION

NO. 22-4552

SECTION M (1)

## OPINION

Before the Court is the motion of appellee the Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese"), the debtor and debtor-in-possession in the bankruptcy case from which this appeal arises, to dismiss bankruptcy appeal.[1]  Appellants, who are school-age children with disabilities in the New Orleans area ("Appellants"), respond in opposition,[2] and the Archdiocese replies in further support of its motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court denies the Archdiocese's motion.

## I.      BACKGROUND

This matter concerns an appeal of a bankruptcy court order holding that Appellants' case was subject to the automatic stay imposed by 11 U.S.C. § 362.  Appellants are a group of minor children with parents seeking to send them to New Orleans-area Catholic schools that are either directly or indirectly controlled by the Archdiocese.[4]  They allege that, as part of the admissions process, many of these schools request prospective students to provide information about their disabilities, which, Appellants contend, is a "plain violation of Louisiana law."[5]  Following

---

[1] R. Doc. 5.
[2] R. Doc. 6.
[3] R. Doc. 10.
[4] R. Doc. 8 at 9.
[5] *Id.* at 9.

Appellants' failed attempt to have the Archdiocese cease this admissions practice and remove disability-related questions from future applications, Appellants brought a class action lawsuit against the Archdiocese in state court on August 15, 2022.[6]  The class action petition seeks injunctive relief – to order "the Archdiocese and other Catholics schools [to] follow the law and stop discriminating against children with disabilities" – and expressly disclaims an award of damages.[7]  Thereafter, on August 31, 2022, the Archdiocese removed the action to federal court pursuant to 28 U.S.C. § 1452(a) based on the Court's "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b) because of the Archdiocese's pending chapter 11 bankruptcy case.[8]  The Appellants, on September 8, 2022, filed a motion to remand, arguing that, because they only seek prospective injunctive relief and disclaim an award of damages for past tortious behavior, their claims necessarily cannot affect any property of the bankruptcy estate and so are not "related to" the chapter 11 bankruptcy case as required for the Court to have subject-matter jurisdiction under § 1334(b).[9]

The Court agreed and, on October 3, 2022, remanded the case to state court after finding that Appellants' claims cannot affect property of the bankruptcy estate and thus the Court did not have "related to" subject-matter jurisdiction.  But this matter did not end there, as would typically be the case when a federal district court remands an action for lack of subject-matter jurisdiction, because while Appellants' motion to remand was pending before the district court, they filed a motion for a "comfort order" before the bankruptcy judge in an effort to receive explicit confirmation that the automatic bankruptcy stay did not apply to their action against the

---

[6] R. Doc. 3-2 at 25-31.
[7] *Id.* at 25.
[8] *Id.* at 20.
[9] *Id.* at 42-44.

Archdiocese.[10]   This motion, which was filed on September 13, 2022, remained pending until October 25, 2022 (and thus after the Court had remanded the action), when the bankruptcy court concluded that the automatic stay did apply to Appellants' action.[11]   That decision is the subject of the underlying appeal that the Archdiocese seeks to dismiss by way of the motion before the Court.

## II.   PENDING MOTION

In its motion, the Archdiocese argues that the Court lacks jurisdiction to hear the appeal because the order of the bankruptcy court on appeal – the denial of Appellant's comfort order and concomitant stay relief – is interlocutory and the Appellants did not seek leave to file the appeal.[12] Even if the Court construes the notice of appeal as a motion for leave, the Archdiocese asserts, Appellants cannot demonstrate entitlement to an interlocutory appeal.[13]   Alternatively, the Archdiocese maintains that Appellants lack bankruptcy standing under the "person aggrieved" test to bring the appeal, and so dismissal of it is proper.[14]   Finally, the Archdiocese argues that, should the Court find that it has jurisdiction to hear the appeal and that Appellants have standing to bring it, the underlying state-court action is moot – and thereby moots the appeal – because the Archdiocese has voluntarily ceased requesting disability-related information from prospective school students.[15]

In opposition, Appellants argue that the bankruptcy court's order denying their stay relief was final and appealable because it "definitively disposed of a discrete dispute" – namely, whether the automatic stay applied to their lawsuit.[16]   Therefore, Appellants maintain, they did not need to

---

[10] *Id.* at 7.
[11] *Id.* at 210.
[12] R. Doc. 5-1 at 1, 7-9.
[13] *Id.* at 10-14.
[14] *Id.* at 14-16.
[15] *Id.* at 16-18.
[16] R. Doc. 6 at 5 (quotations omitted).

seek leave to file the notice of appeal and so the Court has jurisdiction.  Additionally, Appellants

assert both that the Archdiocese waived the issue of bankruptcy standing and that, even if it had

not, the argument fails because the "person aggrieved" test does not apply in the context of stay-

relief proceedings.[17]   In any event, Appellants urge that they satisfy the "person aggrieved"

standard.[18]   Finally, Appellants argue that neither the appeal nor the underlying lawsuit is moot,

but, regardless, this Court does not have jurisdiction to determine the mootness of an action that

has been remanded to state court.[19]

      In reply to Appellants' opposition, the Archdiocese states that Appellants' characterization

of the bankruptcy court's order as final and appealable is "erroneous" because the bankruptcy court

denied Appellants' request for relief from the stay without prejudice.[20]   The Archdiocese

additionally maintains that the "person aggrieved" standard for bankruptcy standing does indeed

apply to this appeal, and the Appellants have failed to satisfy it.[21]  And, as to the issue of mootness,

the Archdiocese reasserts that "[t]here is no further relief to be given at this time" because it

removed the purportedly discriminatory questions from the admissions applications.[22]

## III.   LAW & ANALYSIS

      The Archdiocese argues that the appeal should be dismissed because the Court lacks

subject-matter jurisdiction to hear it, or, alternatively, because Appellants lack standing to bring it

and the underlying state-court action is moot.  The Court will address each of these arguments in

turn.

---

[17] *Id.* at 8-14.
[18] *Id.* at 14-18.
[19] *Id.* at 19-20.
[20] R. Doc. 10 at 2-4.
[21] *Id.* at 4-7.
[22] *Id.* at 7.

A. **Subject-Matter Jurisdiction**

District courts have jurisdiction to hear appeals from certain orders of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges within the district court's judicial district.  In particular, 28 U.S.C. § 158(a) authorizes district courts to hear appeals:

> (1) from final judgments, orders, and decrees;

> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

> (3) with leave of the court, from other interlocutory orders and decrees;

> of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judge under section 157 of this title.  An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).  Often, as is the case here, a dispute arises over whether an order of the bankruptcy judge is final or interlocutory, as the concept of finality differs in bankruptcy.  *See Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) ("The ordinary understanding of 'final decision' is not attuned to the distinctive character of bankruptcy litigation. A bankruptcy case encompasses numerous 'individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor.'") (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)); *In re Delta Produce, L.P.*, 845 F.3d 609, 617 (5th Cir. 2016) ("'Virtually all decisions agree that the concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation.'") (quoting 16 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3926.2, at 323 (3d ed.)); 1 COLLIER ON BANKRUPTCY ¶ 5.08 (Richard Levin & Henry J. Sommer eds., 16th ed.) (reflecting on the difficulty inherent in resolving the issue of finality in bankruptcy cases and proceedings).  The proper categorization of a bankruptcy order is important

5

for evaluating a district court's appellate jurisdiction because, without leave of court, the district court would not otherwise have jurisdiction over most appeals of interlocutory bankruptcy court orders.  As the Supreme Court has recently explained:

> Correct delineation of the dimensions of a bankruptcy "proceeding" is a matter of considerable importance.  An erroneous identification of an interlocutory order as a final decision may yield an appeal over which the appellate forum lacks jurisdiction.  Conversely, an erroneous identification of a final order as interlocutory may cause a party to miss the appellate deadline.

*Ritzen*, 140 S. Ct. at 587.  Because a bankruptcy case "encompasses numerous 'individual controversies,'" and because "[d]elaying appeals from discrete, controversy-resolving decisions in bankruptcy cases would long postpone appellate review of fully adjudicated disputes," orders of a bankruptcy court are "'immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case.'"  *Id.* at 586-87 (quoting *Bullard*, 575 U.S. at 501) (alterations omitted).  In *Ritzen*, the Supreme Court held that the denial of the motion for relief from the automatic stay at issue there was final and, thus, immediately appealable.  *Id.* at 592.

Here, Appellants filed a motion for a "comfort order," effectively seeking from the bankruptcy court a judicial declaration that the automatic stay did not apply to their state-court case against the Archdiocese.[23]  Alternatively, Appellants sought relief from the automatic stay. The bankruptcy court unreservedly denied the Appellants' motion for a comfort order, concluding that the automatic stay did apply to their claims: "But as of today, sitting here today, the ... stay absolutely does apply and we're not going to terminate it ... ."[24]  The bankruptcy court based this conclusion on the understanding that the Appellants' claims against the Archdiocese could have been brought before the bankruptcy petition date.[25]  Thus, as for Appellants' request for a comfort

---

[23] R. Doc. 3-2 at 7.
[24] *Id.* at 210.
[25] *Id.* at 209.

order (essentially for an order stating that the stay did not apply), it is clear that the bankruptcy court definitively resolved the discrete issue of the applicability of the automatic stay.  As for Appellants' alternative request for relief from the automatic stay, the bankruptcy court denied it "without prejudice" to the Appellants' right "to reurge the motion" at a later date.[26]

The Archdiocese makes much of the fact that the bankruptcy judge denied Appellants' alternative request for relief from the automatic stay without prejudice, because the Supreme Court in *Ritzen* expressly declined to decide whether the denial of stay relief "without prejudice" would constitute a final, appealable order.[27]  But the Archdiocese's argument misses the mark.  The Supreme Court, in *Ritzen*, observed:

> We do not decide whether finality would attach to an order denying stay relief if the bankruptcy court enters it "without prejudice" because further developments might change the stay calculus.  Nothing in the record before us suggests that this is such an order.

*Ritzen*, 140 S. Ct. at 592 n.4.  Critically, here, "[n]othing in the record ... suggests" that "further developments" as to the *applicability* of the stay are possible, because the bankruptcy court affirmatively concluded that it did apply, whereas the district court had previously remanded Appellants' action (which had been removed from state court as "related to" the bankruptcy) for want of jurisdiction.  Thus, although the bankruptcy court qualified its order as "without prejudice" as to allowing Appellants to renew their motion for *relief* from the automatic stay in the future – should conditions change – the record does not reflect *how* "further developments might change the stay calculus."  Indeed, the case seems to be stuck in a legal stalemate.  On the one hand, under the bankruptcy court's order, Appellants cannot now litigate the remanded state-court action without violating the automatic stay and risking the imposition of sanctions – presumably, in the

---

[26] *Id.* at 210.
[27] R. Doc. 5-1 at 7-9.

bankruptcy court's view, because such litigation *could* affect property of the bankruptcy estate. On the other hand, the district court's remand was based on its determination that there was no federal jurisdiction over the Appellant's claims because they *could not* affect property of the estate. It is difficult to imagine how future conditions might change to alter (or reconcile) these seemingly contradictory positions.   Therefore, notwithstanding the bankruptcy court's use of the phrase "without prejudice," the order at issue "definitively dispose[d]" of Appellants' request for relief from the automatic stay and, so, is immediately appealable.[28]   *Id.* at 586; *see In re Mayer*, 28 F.4th 67, 70-72 (9th Cir. 2022) (holding that bankruptcy court's denial of stay relief was final and appealable because it effectively determined that claims would be litigated in bankruptcy court rather than state court, thereby seriously affecting substantive rights and finally determining the discrete issue to which it was addressed, notwithstanding the court's qualification that the order denying stay relief was "without prejudice"); *see also* 1 COLLIER ON BANKRUPTCY ¶ 5.09, at 5-62 ("If the court denies the motion without prejudice and does so while noting that the facts could change, then the order would not be law of the case if a new motion were filed, and the order should be immediately appealable because it resolves the issue finally based on the existing set of facts.").

## B.  Standing

The Archdiocese contends that Appellants lack standing to appeal the bankruptcy court's order denying their stay relief motion.   "To determine whether a party has standing to appeal a

---

[28] Nevertheless, given the jurisdictional issues raised by the bankruptcy court's conclusion that the automatic stay applied *after* the district court remanded the action for lack of "related to" jurisdiction, the Court may also treat Appellants' timely notice of appeal as a motion for leave to appeal an interlocutory order and then either grant or deny it.  *See* Fed. R. Bankr. P. 8004(d); *In re Delta Produce*, 845 F.3d at 618.  In an abundance of caution, then, the Court construes the notice of appeal this way and – in its discretion – grants Appellants' motion for leave to appeal, thus providing it with jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a)(3).  *See In re Delta Produce*, 845 F.3d at 618 ("In allowing a district court to treat a notice of appeal as a request for leave to appeal, Rule 8004(d) still contemplates some exercise of discretion by the district court – it must 'either grant or deny' leave to appeal.") (quoting Fed. R. Bankr. P. 8004(d)).

bankruptcy court order, this court uses the 'person aggrieved' test." *In re Dean*, 18 F.4th 842, 844 (5th Cir. 2021) (quotation omitted). To satisfy this test, "[t]he appellant must show that he is 'directly, adversely, and financially impacted by a bankruptcy order.'" *Id.* (quoting *In re Technicool Sys., Inc.*, 896 F.3d 382, 384 (5th Cir. 2018)). "Such standing must be connected to the exact order being appealed as opposed to the proceedings more generally." *Id.*

Here, the bankruptcy court concluded that the automatic stay applies to Appellants' lawsuit, effectively preventing them from litigating the matter in state court without exposure to significant monetary sanctions for violation of the automatic stay. The Appellants face the substantial risk[29] of being ordered to pay "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, ... punitive damages" should they attempt to litigate their claims in state court – the forum to which this Court previously remanded the action for lack of its own subject-matter jurisdiction. 11 U.S.C. § 362(k)(1). Moreover, given the current stalemate, Appellants are also aggrieved by the impossibility to advance their claims in any forum. As such, Appellants satisfy the "person aggrieved" test for purposes of bankruptcy standing.

## C. Mootness

The thrust of the Archdiocese's argument is that the appeal is moot because of the supposed mootness of the underlying litigation – particularly, that Appellants are no longer seeking a preliminary injunction because the Archdiocese voluntarily removed the allegedly discriminatory questions from admission applications for the most recent student recruitment cycle.[30] As a preliminary matter, this Court is wholly without jurisdiction to adjudicate the merits of the

---

[29] This risk is not merely theoretical. The Archdiocese, in their memorandum in support of motion to dismiss appeal, R. Doc. 5-1 at 5-6, accused Appellants of violating the automatic stay. Additionally, during the parties' litigation of Appellants' motion for comfort order, the Archdiocese filed a supplemental objection to the comfort order, in which it outlined Appellants' purported violations of the stay. R. Doc. 3-4 at 286-97.

[30] *See* R. Docs. 5-1 at 16-18; 10 at 7-8.

Appellants' claims, because it previously remanded the action for lack of subject-matter jurisdiction. Accordingly, the Court will not – and cannot – determine the mootness or viability of claims pending in a state-court forum.

If, instead, the Archdiocese can be understood to assert that Appellants' appeal of the bankruptcy court's denial of their stay relief motion is moot, that argument also fails. "A case should not be declared moot 'as long as the parties maintain a concrete interest in the outcome and effective relief is available to remedy the effect of the violation[.]'" *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (quoting *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998)) (alteration and internal quotation marks omitted). Here, the parties undoubtedly hold a live interest in the question whether the automatic stay applies, because both the underlying bankruptcy case and Appellants' state-court case remain pending, and the automatic stay has not otherwise been terminated. The Court can also render effective relief in an appeal because it could order that the automatic stay does not apply to Appellants' claims. Thus, the appeal is not moot.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Archdiocese's motion to dismiss appeal (R. Doc. 5) is DENIED.


New Orleans, Louisiana, this 23rd day of June, 2023.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE