UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE ROMAN CATHOLIC CHURCH
OF THE ARCHDIOCESE OF NEW
ORLEANS

CIVIL ACTION

NO. 22-4552

SECTION M (1)

**ORDER & REASONS**

Before the Court is the motion of appellee the Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese"), the debtor-in-possession in the bankruptcy case from which this appeal arises, seeking a stay pending its appeal to the Fifth Circuit of this Court's opinion and judgment concluding that the automatic bankruptcy stay does not apply to the appellants' state-court claims of post-petition discrimination.[1] The Archdiocese argues that it is likely to succeed on appeal, its appeal raises serious legal questions regarding the stay provision of 11 U.S.C. § 362, and it will be irreparably harmed by having to defend appellants' state-court suit during the pendency of its appeal.[2] It further argues that appellants will not be harmed by a stay.[3] Appellants, who are school-age children with disabilities in the New Orleans area ("Appellants"), respond in opposition, arguing that there is nothing to stay because this Court's decision is akin to a declaratory judgment and the Archdiocese has not shown extraordinary circumstances or irreparable harm sufficient to justify a stay.[4] Appellants also argue that they would be harmed by

---

[1] R. Doc. 18.
[2] R. Docs. 18-1 at 1-13; 26 at 3-9.
[3] R. Docs. 18-1 at 13-15; 26 at 9-10.
[4] R. Doc. 21 at 1-17. The Archdiocese replies that Appellants' attempt to classify the Court's opinion and judgment as a declaratory judgment is erroneous. R. Doc. 26 at 2-3.

a stay because it would create confusion about the status of their state-court suit and there is no public interest in staying a case involving post-petition civil-rights violations.[5]

Having considered the parties' memoranda, the record, and the applicable law, the Court finds that the Archdiocese has not carried its burden for obtaining a stay under Rule 8025 of the Federal Rules of Bankruptcy Procedure, which is applied using the familiar four-factor test oft-employed to evaluate requests for stay and injunctive relief. Thus, even if the Archdiocese's appeal can be said to present a "serious" legal question that is "a fair ground for litigation"[6] as would satisfy the first factor (*viz.,* substantial likelihood of success on the merits) – and there are reasons to doubt even that[7] – the Archdiocese has not demonstrated the requisite degree of irreparable harm since litigation expenses typically do not satisfy this factor,[8] and it has not established that a stay poses no substantial harm to others (particularly, Appellants), or serves the public interest, given the Appellants' charges of ongoing discrimination in violation of Louisiana civil-rights laws. Accordingly,

IT IS ORDERED that the Archdiocese's motion to stay (R. Doc. 18) is DENIED.

---

[5] R. Doc. 21 at 17-21.

[6] *See, e.g., Texas v. U.S. Env't Prot. Agency,* 2023 WL 2574591, at *6 (S.D. Tex. Mar. 19, 2023), *appeal docketed,* No. 23-40306 (5th Cir. May 23, 2023).

[7] *Compare In re City of San Bernardino,* 558 B.R. 321 (C.D. Cal. 2016) (a decision upon which the Archdiocese relies but which is distinguished in this Court's prior opinion, R. Doc. 15 at 13), *with In re Coupel,* 556 B.R. 746, 755-56 (E.D. La. 2016) (holding under 11 U.S.C. § 362(a)(7), but on reasoning equally resonant under § 362(a)(3), that automatic stay did not apply to post-petition claim for attorney's fees pursued in state-court litigation arising from bankrupt debtor's post-petition conduct); *In re Zamora,* 2012 WL 4501680, at *2-3 (Bankr. W.D. Tex. Sept. 28, 2012) (holding that automatic stay did not apply to the collection of post-petition attorney's fees incurred in establishing a post-petition claim). *See also In re Al Copeland Enters., Inc.,* 991 F.2d 233, 240 (5th Cir. 1993) (applying *Reading Co. v. Brown,* 391 U.S. 471 (1968), to uphold an award of post-petition interest, and collecting cases awarding post-petition attorney's fees against a bankrupt debtor, such as *In re Execuair Corp.,* 125 B.R. 600, 604 (Bankr. C.D. Cal. 1991) ("interpret[ing] *Reading* to hold that if the claim for attorneys' fees was incurred post-petition, because of a post-petition act by the debtor-in-possession or trustee which was intended to benefit the estate but which led to the injury of a third party, such attorneys' fees qualify as administrative expenses of the estate so long as the claimant can justify its right to attorneys' fees under law")).

[8] *See, e.g., Renegotiation Bd. v. Bannercraft Clothing Co.,* 415 U.S. 1, 24 (1974); *Vine v. PLS Fin. Servs., Inc.,* 2019 WL 4257108, at *8 (E.D. Tex. Sept. 9, 2019) (a class action). Moreover, because the Archdiocese has consistently argued that its agreement to remove the offending questions from its school applications has remediated the Appellants' principal complaint, it is especially doubtful that litigation expenses in the state-court action pose the untoward consequences the Archdiocese now claims.

New Orleans, Louisiana, this 24th day of August, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE